

# CT Corporation

**Service of Process Transmittal**
01/30/2013
CT Log Number 522042313

**TO:** Harold Rickard III
United Collection Bureau, Inc.
5620 Southwyck Blvd., Suite 206
Toledo, OH 43614-1502

**RE:** **Process Served in Missouri**

**FOR:** United Collection Bureau, Inc. (Domestic State: OH)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Brenda Stewart, Pltf. vs. United Collection Bureau, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | 21st Judicial Circuit Court, St. Louis County, MO<br>Case # 13SLAC00153 |
| **NATURE OF ACTION:** | Violation of Fair Debt Collection Practices Act - Violation of Telephone Consumer Protection Act - Defendant placed non-emergency phone calls to plaintiff's cellular phone without express authorized consent of the plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/30/2013 at 15:25 |
| **JURISDICTION SERVED:** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | James Windsor Eason<br>Eason & Voytas, LLC<br>One North Taylor Ave.<br>St. Louis, MO 63108<br>314-932-1066 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/30/2013, Expected Purge Date: 02/04/2013<br>Image SOP<br>Email Notification, Harold Rickard III srickard@ucbinc.com<br>Email Notification, John Terry jterry@ucbinc.com<br>Email Notification, Sanju Sharma ssharma@ucbinc.com<br>Email Notification, Kristen Arsenault karsenault@ucbinc.com<br>Email Notification, Michael Karosas mkarosas@ucbinc.com<br>Email Notification, Christine Caggiano chcaggiano@ucbinc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Meghan Saffell |
| **ADDRESS:** | 120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of 1 / MA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 13SL-AC00153 |
|---|---|
| Plaintiff/Petitioner:<br>BRENDA STEWART<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES WINDSOR EASON<br>EASON & VOYTAS, LLC<br>ONE NORTH TAYLOR AVE.<br>ST. LOUIS, MO 63108<br>(314) 932-1066 |
| Defendant/Respondent:<br>UNITED COLLECTION BUREAU INC | Date, Time and Location of Court Appearance:<br>28-FEB-2013, 09:00 AM<br>DIVISION 41 H |
| Nature of Suit:<br>AC Other Tort | ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: UNITED COLLECTION BUREAU INC
Alias:
120 SOUTH CENTRAL AVENUE
CT CORPORATION SYSTEM-SRV
CLAYTON, MO 63105

COURT SEAL OF

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

ST. LOUIS COUNTY

_____01/29/13_____    _____
Date                                              Clerk

Further Information:    AS

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                              Date                              Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $___10.00___
Mileage              $_____ (_____ miles @ $._____ per mile)
Total                $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **BRENDA STEWART** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No.<br>**UNITED COLLECTION BUREAU, INC.** )<br>) Division<br>Defendant. )<br>)<br>Serve Defendant at: )<br>CT Corporation System )<br>120 South Central Avenue )<br>Clayton, MO 63105 ) **JURY TRIAL DEMANDED** | |

## PETITION

COMES NOW, Plaintiff, Brenda Stewart, and for her Petition states as follows:

### INTRODUCTION

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3.      Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

5.      This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

1

6. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7. Specifically, Plaintiff believes the alleged debt arises out of consumer credit card purchases.

8. Defendant is a foreign corporation with its principal place of business in Toledo, Ohio. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

10. Defendant's collection activity of which Plaintiff complains occurred within the past twelve (12) months.

11. Defendant's collection activity consists of numerous calls made to Plaintiff's home and cellular telephones, as well as to the telephones of third-parties.

12. On November 6, 2012, at 9:51 a.m., Defendant left a voice message for Plaintiff at the home telephone number of Plaintiff's neighbor, Iris Johnston.

13. The message revealed the existence of the debt and the fact that Defendant was a debt collector to Ms. Johnston.

14. Plaintiff was extremely embarrassed when Ms. Johnston told her about the message.

15. Defendant had no reason to call Ms. Johnston's home telephone number. As explained below, Defendant had Plaintiff's correct mailing address and telephone number as of the time it called Ms. Johnston.

2

16. Defendant left the voice message at Ms. Johnston's telephone number solely to harass and embarrass Plaintiff, and to badger Plaintiff into paying the debt prior to the expiration of Plaintiff's dispute period.

17. On or about November 8, 2012, Plaintiff received a letter from Defendant.

18. Defendant's November 8 letter stated that Plaintiff had thirty (30) days to dispute the debt and request validation or verification thereof.

19. Plaintiff called Defendant on November 9, 2012 to obtain more information about the alleged debt and Defendant's collection activity.

20. During the call, Defendant demanded immediate payment of the alleged debt.

21. Defendant also admitted to calling Ms. Johnston and other third parties.

22. Defendant listed the phone numbers and names of the contacts it had called. Plaintiff recognized Ms. Johnston's name and phone number, as well as those of her brother and her grandmother. Defendant told Plaintiff other numbers that it had called which Plaintiff does not recognize.

23. Upon information and belief, Defendant disclosed the debt to multiple third parties besides Ms. Johnston.

24. As with the voice message left for Ms. Johnston, Defendant had no reason to call these other third parties. Again, Defendant had Plaintiff's correct mailing address and telephone number. Defendant's sole purpose in contacting these third parties was to harass and embarrass Plaintiff.

25. On or about November 28, 2012, Plaintiff received another letter from Defendant.

26. Plaintiff received the November 28 letter within the dispute period described by Defendant's November 8 letter.

27. In the November 28 letter, Defendant stated the "Balance Due" on the alleged debt as $4,605.01.

3

28. The November 28 letter went on to state: "As of the date of this letter, you owe the above referenced balance."

29. This language overshadows and is inconsistent with Plaintiff's rights under the FDCPA and as described by Defendant's November 8 letter. Defendant states that the balance of the debt is due a mere twenty (20) days after the date of the November 8 letter, and thus within the thirty (30) day dispute period provided by 15 U.S.C. § 1692g.

30. At another date in late November, 2012, Defendant called Plaintiff once again.

31. During the call Defendant admitted to placing multiple calls to Plaintiff cellular telephone number, including calls on November 6, November 14, and November 18.

32. Defendant also admitted to calling other numbers, which Plaintiff did not recognize.

33. Plaintiff requested validation and a "breakdown" of the debt from Defendant.

34. Defendant stated that Plaintiff would be responsible for interest and late fees that would accrue in the time it would take to obtain validation in an effort to badger Plaintiff into paying during Plaintiff's dispute period.

35. Defendant called Plaintiff on her cellular phone more than five times.

36. Defendant's phone calls to Plaintiff's cellular phone were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

37. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

38. Those phone calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

4

39. Plaintiff never entered into any agreement whereby she provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

40. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes with Defendant.

41. Defendant's aggressive tactics have caused Plaintiff to suffer actual damages including embarrassment, humiliation, stress, and mental anguish.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

43. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Overshadowing Plaintiff's dispute and verification rights. 15 U.S.C. § 1692g.

   b. Engaging in deceptive, unfair and unconscionable collection tactics. 15 U.S.C. § 1692b-g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

   D. For such other relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE TCPA

44. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

45. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

5

    a.    By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 U.S.C. § 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the TCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 47 USC (b)(3); and

    D.    For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

_/s/ J.W.E._
**JAMES W. EASON, #57112**
**RICHARD A. VOYTAS, #52046**
**Eason & Voytas, LLC**
**One North Taylor Avenue**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**
**Email: james.w.eason@gmail.com**
          **rickvoytas@gmail.com**